IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARRETT LEE NEVINS,                                Civil No. 07-747-AA
                                                   OPINION AND ORDER
        Petitioner,

   vs.

JEAN HILL,

        Respondent.
_____

Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401
    Attorney for petitioner

John R. Kroger
Attorney General
Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096
    Attorneys for respondent

AIKEN, Chief Judge:

Page 1 - OPINION AND ORDER

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. section 2254 challenging his conviction and sentence for First Degree Burglary.  Petitioner's habeas petition is denied and this case is dismissed.

## BACKGROUND

Petitioner was convicted by a jury of Burglary in the First Degree.  He received a 30-year dangerous offender departure.  He was required to serve 60 months of his sentence in state prison, and then would be eligible for another psychiatric evaluation in order to serve the remainder of his 30-year sentence in the community, under post-prison supervision.  Petitioner directly appealed his sentence, presenting three issues for review, but failed to present a Sixth Amendment challenge to his sentence.  The Oregon Court of Appeals affirmed without opinion.  State v. Nevins, 177 Or. App. 330, 34 P.3d 1217 (2001).  When his appeal was pending, the United States Supreme Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000).  Petitioner then petitioned for review to the Oregon Supreme Court, raising for the first time the issue that his sentence violated his Sixth Amendment right to a jury finding and cited Apprendi.  The Oregon Supreme Court denied review.  State v. Nevins, 334 Or. 327, 52 P.3d 435 (2002).

Petitioner then filed a Petition for Post-Conviction Relief, however, the court dismissed the petition on defendant's motion.  Petitioner appealed, but the Oregon Court of Appeals summarily

Page 2 - OPINION AND ORDER

affirmed, and the Oregon Supreme Court denied review.

Petitioner has now filed the Petition for Writ of Habeas Corpus at bar alleging several grounds for relief. Petitioner, however, argues only the following claim[1]:

> Petitioner was denied a fair trial as prescribed by Amendments Sixth (the right to a fair and impartial trial), Fifth and Fourteenth (the equal protection and due process clauses) of the United States Constitution as the Multnomah County Circuit Court imposed a (30) year Dangerous Offender sentence under ORS 161.725, without being plead in the indictment, be determined by a jury the necessary aggravating factors beyond a reasonable doubt not admitted by Petitioner thereby constituting a substantial denial of Petitioner's rights.

## DISCUSSION

Petitioner alleges that his sentence violates his Sixth Amendment right as clarified in Apprendi, supra. Respondent argues that petitioner's claim for relief is procedurally defaulted. Pursuant to 28 U.S.C. section 2254, an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petition provides the state court a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's

---

[1] The court denies petitioner's unbriefed claims. See Renderos v. Ryan, 469 f.3d 788, 800 (9th Cir. 20060(counsel for petitioner waived claims in habeas petition where counsel did not set forth legal standards for such claims or attempt to meet them).

Page 3 - OPINION AND ORDER

Supreme Court, he or she must do so to properly exhaust that claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If petitioner fails to present a federal constitutional claim to the state's highest court and can no longer do so due to a procedural bar, that claim is procedurally defaulted.  Id. at 848 (internal citation omitted).  Once a claim is defaulted, habeas review is barred unless the petitioner can demonstrate: (1) cause for the procedural default; and (2) actual prejudice from the failure to present the constitutional issue in state courts.  Wainwright v. Sykes, 433 U.S. 72 (1977).

There is no dispute that petitioner argued for the first time in his petition for review to the Oregon Supreme Court, that the "dangerous offender" departure imposed by the trial court violated his Sixth Amendment right because it was determined by a judge, rather than a jury.  Respondent argues that because petitioner failed to make this argument at his sentencing hearing or in his first direct appeal to the Court of Appeals, it was not fairly presented to the Oregon Supreme Court, and is procedurally defaulted.

The Oregon Supreme Court has stated that under established Oregon law, claims may not be raised for the first time on appeal unless they fall into the "plain error" exception.  See Oregon Rule of Appellate Procedure 5.45.  Further, the Oregon Supreme Court has held that Apprendi type claims, like the claim at bar,

Page 4 - OPINION AND ORDER

do not fit into that exception.  See  State v. Gornick, 340 Or. 160, 170, 130 P.3d 780 (2006).  Petitioner here raised his Apprendi claim for the first time in a petition for discretionary review to the Oregon Supreme Court.  Petitioner's Apprendi claim was therefore not "fairly presented" to Oregon's appellate courts in a procedural context in which its merits would be considered, and is therefore defaulted. See  Castille v. Peoples, 489 U.S. 346, 351 (1989).  See also, Houff v. Blacketter, 2009 WL 252156 (D.Or. Feb. 2, 2009)(presentation of Apprendi claim for the first time on appeal - even though Apprendi was decided while the case was pending on appeal - did not constitute fair presentation for purposes of section 2254(b)(1)).

## CONCLUSION

Petitioner's habeas corpus petition (doc. 49) is denied and this case is dismissed.

IT IS SO ORDERED.

Dated this  19   day of March 2010.

                                      /s/ Ann Aiken
                                          Ann Aiken
                            United States District Judge